UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Action Number:  1:16-cv-21463-UU

CORY PROUDFOOT

    Plaintiff,
vs.

LA FITNESS INTERNATIONAL, LLC
d/b/a LA FITNESS

    Defendant.

---

## AMENDED COMPLAINT

---

Plaintiff Cory Proudfoot, by and through his undersigned counsel, hereby files this Amended Complaint and sues La Fitness International LLC for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§12181-12189 ("ADA") and for Breach of Contract, Unjust Enrichment, and compensatory and punitive damages pursuant to the Florida Civil Rights Act as codified in Florida Statutes Chapter §760, specifically, F.S. §760.08 and alleges:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §36.302 and supplemental jurisdiction over the related state law claim pursuant to 28 U.S.C. §1367.

2.    This Court is vested with original jurisdiction under 28 U.S.C. §1331.

1

3. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Southern District of Florida.

4. The remedies provided by Florida Statute §760 are not exclusive; state administrative remedies need not be exhausted in connection with suits brought under the ADA.

5. Cory Proudfoot ("Plaintiff") was (and is currently) a resident of the State of Florida who suffers from what constitutes a "qualified disability" under the ADA. The Plaintiff is (and has been) afflicted with the disease Cerebral Palsy, and utilizes a wheelchair for mobility. The Plaintiff's disability limits major life activities, and the Plaintiff requires the assistance of an aid for his daily functions and relies on transportation through medical transport service, family members, or other specialized means due to the fact that he is confined to a wheelchair. The Plaintiff's disability is defined in 28 C.F.R. §36.104 (1)(iii); therefore the Plaintiff suffers from a disability covered by the protected class of disabled persons under the ADA and by Florida Statue §760.02(6).

6. Defendant LA Fitness International, LLC ("Defendant") is a privately owned American health club chain with over 800 health clubs across the United States and Canada under the brand "LA Fitness".

7. On information and belief, LA Fitness International, LLC owns and operates the LA Fitness health clubs throughout Florida, and within the jurisdiction of this court.

8. LA Fitness International, LLC's chain of LA Fitness health clubs operate on a model of providing multipurpose sports and fitness clubs, which feature cardio

equipment, free weights, group exercise (classes lead by fitness instructors held in a fitness room), court sports (basketball and racquetball) and in most locations, swimming pools for lap workouts.

## FACTS

9.  The Defendant operates the LA Fitness health club located at 1580 NE Miami Gardens Drive, North Miami Avenue, Florida 33179. This LA Fitness health club is also referenced herein as "(place of) public accommodation", "LA Fitness health club," or "health club."  This LA Fitness health club is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, 42 U.S.C. §12181(7)(L); and the Florida Civil Rights Act, codified as Title XLIV.

10. As the owner and operator of a health club, the Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant LA Fitness International, LLC is a private entity which owns, leases, leases to others, or operates "a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation"; 42 U.S.C. §12182, §12181(7)(L); 28 C.F.R. §36.104 and the Florida Civil Rights Act, codified as Title XLIV.

11. The Defendant's LA Fitness health club provides services, facilities, and accommodations to the general public who purchase memberships thereto, which subject the Defendant, the owner and operator of the health club, to Chapter 760.

12. The Plaintiff resides in Memorial Group Home, located at 13633 Memorial Highway, North Miami Florida ("group home").  The Plaintiff's medical

3

providers have recommended and prescribed that the Plaintiff engage in water exercise (swimming) to alleviate the progression effects of Cerebral Palsy on the Plaintiff's body.

13. Therefore, Carl Proudfoot (the Plaintiff's brother) researched places of public accommodation which offered swimming pools which contained handicapped pool lifts within a proximate distance to the Plaintiff's residence (the group home). The Defendant's health club location at 1580 NE Miami Gardens Drive, North Miami Avenue, Florida 33179 (referenced throughout as "health club") offered the Plaintiff the requisite pool facility and handicapped pool lift to accommodate the Plaintiff.

14. On this basis, the Plaintiff signed up for a membership to Defendant's LA Fitness health club in August 2015. The Plaintiff has been charged a monthly fee for the health club membership since August of 2015.

15. Due to his disability and mobility issues, the Plaintiff has established a set schedule to utilize the health club pool which coordinated with a special services transportation van and the Plaintiff's brother to transport the Plaintiff from the group home where he resides to the health club for use of the pool.

16. Following the Plaintiff's executing a contract and thus obtaining a membership[1] to the health club in August of 2015, commencing each Sunday morning, the Plaintiff (accompanied by his brother Carl Proudfoot)[2] would be transported in a special services van from the group home to the Defendant's health club.

17. Since August 2015, Plaintiff's schedule for swimming exercise at the Defendant's health club (swimming pool) has been every Sunday morning at 8:30 A.M.

---

[1] Memberships are available to the general public for a monthly membership fee.
[2] Carl Proudfoot would drive to the Memorial Home to then be transported along with the Plaintiff to the health club.

4

18. The swimming pool at Defendant's health club is equipped with a handicapped pool lift. When the Plaintiff initially executed the contract for membership in the Defendant's health club, the handicapped pool lift was presented as being in working order. However, after entering into the contract, the Plaintiff discovered that the handicapped pool lift was not in working order.

19. Since August 2015 and continuing, Carl Proudfoot has been unable to utilize the handicapped pool lift because the handicapped pool lift has been broken. Plaintiff's brother has been forced to resort to lifting the Plaintiff from his wheelchair, holding the Plaintiff in his arms, and lowering the Plaintiff into the swimming pool without the aid of the handicap pool lift. The Plaintiff's brother Carl Proudfoot has had to assist the Plaintiff into and out of the swimming pool with great difficulty, as they handicap pool lift was broken and none of Defendant's representatives would assist him, claiming liability issues.

20. On behalf of the Plaintiff, Carl Proudfoot From August 2015 through October 18, 2015, the Plaintiff[3] communicated to Defendant's representatives (employees at the health club) the following facts:

   a) that the Plaintiff has Cerebral Palsy, is confined to a wheelchair, and was told to exercise in a swimming pool to assist him in managing his disease,

   b) that the Plaintiff became a member of the health club for the specific purpose of using the swimming pool as exercise to aid Plaintiff in managing his disease,

   c) that the Plaintiff has limited time to use the pool due to his special needs (disability, mobility, transportation, and necessity to be accompanied by an aid (who is his brother),

   d) that the Plaintiff is prohibited from access (entry and exit) to the swimming pool in the most independent and safe manner, due to the fact that the handicap pool lift is, and has been broken since the Plaintiff has become a member of the health club,

---

[3] Through his brother, Cory Proudfoot

e) that the handicapped swimming pool lift be fixed so that he (Carl Proudfoot) could safely transfer Plaintiff Cory Proudfoot from his wheelchair into the swimming pool for exercise,

f) that the Plaintiff has been precluded from receiving maximum time in the swimming pool due to the extra length of time required to be transferred from his wheelchair into the swimming pool due to the fact that the handicap pool lift has been broken since the Plaintiff has become a member of the health club,

g) that the Plaintiff and Plaintiff's brother have experienced considerable stress, humiliation, and discomfort due to the fact that entry and exit from the pool has been has been hampered due to the lack of access for the Plaintiff, who is mobility impaired,

h) that the health club's failure to maintain the handicap pool lift is a violation of the ADA, as a barrier to a place of public accommodation,

i) that it is essential for the health club to fix the handicap pool lift, as required by law.

21. Undaunted by Plaintiff's disability and his special needs, the Defendant has failed and refused to repair the handicap pool lift so that it would become operational and therefore provide access for the Plaintiff into and out of the pool. Such failure and refusal to repair the handicap pool lift is a barrier to access prohibited by 28 CFR Part 35.151, as delineated within the 2010 ADA Standards for Accessible Design.

22. The Defendant has continued to deny the Plaintiff access to unimpeded independent entry into the pool at its health club by its failure and refusal to repair the handicap pool lift.

23. While the pool is fitted with a handicap pool lift, since the handicap pool lift is not functional, the pool contains a barrier to access and is not in compliance with the ADA.

24. Since August 2015 on each Sunday thereafter following until October 18, 2015, the Plaintiff has been embarrassed and humiliated by the treatment he has received

at the health club based upon the barriers to access (entry into and exit from) to the swimming pool at the health club.

25.     On or about October 18, 2015, the Medical Attendant[4] who drove the Plaintiff and his brother to the health club reported to manager of the group home that Carl Proudfoot was having a difficult time transferring the Plaintiff into and out of the swimming pool because the handicap pool lift was broken.

26.     The medical staff at the group home determined that the transfer of the Plaintiff into and out of the swimming pool without the benefit of the handicap pool lift was dangerous, and refused to authorize the Plaintiff transportation to the health club.

27.     Since October 19, 2015 to the present day, the Plaintiff has been unable to enjoy the swimming pool and unable to obtain the water exercise which his health care providers have recommended, due to the failure and refusal of the Defendant to repair the handicap pool lift.

28.     Since the Plaintiff had signed an annual contract for membership to Defendant's LA Fitness health club, the Plaintiff has continued to be charged (and continues to pay for) monthly membership to the Defendant's LA Fitness health club. The fact that the Plaintiff has continued to be charged for the health club membership that he cannot use due to the failure and refusal of the Defendant to repair the handicap pool lift has resulted in loss of funds, humiliation and stress to the Plaintiff.

29.     The conduct of Defendant in failing to repair the handicap pool lift was (and remains) unreasonable and discriminatory, and as a result thereto, the Plaintiff was (and remains) discriminated against and effectively denied entry to the public accommodation.

---

[4] from the Plaintiff's group home

30. The Defendant is a Public Accommodation which owns and operates over fifty health club locations (many of which contain swimming pools) within the state of Florida. On information and belief, the Defendant is well aware of the necessity of compliance with the requirements for the need to provide equal access to individuals with disabilities in accordance with the ADA. The Defendant has failed and refused to follow the guidelines and requirements for the provision of equal access to individuals with disabilities in accordance with the ADA at its pool due to its failure to maintain the handicap pool lift in working order.

31. The Defendant's failure to reasonably accommodate individuals with disabilities is willful, malicious, and oppressive and in compete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. §§s 36.302(a) and §36.305(a).

32. As a result of the Defendant's discrimination, the Plaintiff has suffered loss of funds[5], loss of dignity, humiliation, depression, mental anguish, and other tangible injuries.

33. This discrimination resulted in the fact that the Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facility at the Defendant's health club swimming pool (a place public accommodation) which is the subject of this lawsuit.

34. The Plaintiff has been a member of the health club since August 2015 and continues to desire to utilize the swimming pool on Sunday mornings, but the Plaintiff continues to be injured in that he is concerned that he will again be discriminated against by the failure of Defendant to repair the handicap pool lift in order that the Plaintiff will have access to the pool using the handicap pool lift in order that he can undergo the full

---

[5] Membership fees to the Defendant's health club

measure of prescribed water exercise. Therefore, the place of public accommodation (the health club) is in violation of the ADA and state statutes due to lack of access to the swimming pool contained within the health club.

35. Plaintiff has retained the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

36. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 35 herein above.

37. The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities. The ADA was enacted and effective as of July 26, 1990. The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 24 years. As such, all public accommodations and facilities have had adequate time for compliance.

38. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii) discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public

services and public facilities;

(iv) Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

39. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

40. Pursuant to 42 U.S.C. §12181(7)(L) and 28 C.F.R. §36.104, the health club which is the subject of this action is a place of public accommodation covered by the ADA and which must be in compliance therewith.

41. 28 C.F.R. §36.302 states that a public accommodation and its place of public accommodation must make reasonable modification in policies practices and/or

procedures to afford services, facilitates, privileges advantages, and/or accommodations to individuals with disabilities[6].

42. 28 C.F.R. §36.305(a) states that a public accommodation must make its services, facilities, privileges, advantages, or accommodations available through alternative methods, if those methods are readily achievable.

43. In the instant case, the Defendant had modified its facilities to provide for individuals with disabilities access into the pool within its health club via a handicap pool lift. However the Defendant has failed and refused to repair the handicap pool lift. Thus the handicap pool lift has been and remains inoperable since August of 2015.

44. Because the handicap pool lift which is supposed to make the swimming pool within the health club accessible to the mobility impaired community has been inoperable since August of 2015 and remains inoperable, it is clear that the Defendant has failed and refused to permit the individuals who are disabled and mobility impaired (such as the Plaintiff) equal access to, and benefit from the Defendant's place of public accommodation, (specifically the swimming pool within its health club).

45. Refusal of the Defendant to provide access to its swimming pool by maintaining the handicap pool lift in operating condition is tantamount to refusing to admit the Plaintiff to the health club and its swimming pool, which is a place of public accommodation defined by 42 U.S.C. §12181(7)(L).

46. Plaintiff's disability of Cerebral Palsy limits major life activities including his to transfer from/to his wheelchair and enter/exit a swimming pool. Due to his disability the Plaintiff is unable to walk into or out of a swimming pool, and must use a

---

[6] unless the public accommodation can demonstrate that making such modifications would fundamentally alter the nature of the services, facilities, privileges, advantages, or accommodations.

handicap pool lift. Therefore, Plaintiff is an individual with a disability under Title III of the ADA under 42 U.S.C. §§12181-12189 and is entitled to the protections of the ADA thereunder.

47.     Public accommodations, such as the Defendant (who is the owner and/or operator of health clubs and the swimming pools within each of its health clubs) are required to provide full and equal enjoyment of their services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate to people with disabilities. 42 U.S.C. §12181(7)(L), §12182(a); 28 C.F.R. §36.203(a)-(c). Specifically, the public accommodation must:

> a)    Ensure that no individual is discriminated against on the basis of disability in the full and equal enjoyment of the services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person (or, private entity) that owns, leases, or operates a place of public accommodation. 42 U.S.C. §12182(a); 28 C.F.R. §36.201(a),
>
> b)    Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense. §12181(9); §12182(a); 42 U.S.C. §§12182(b)(2)(A)(i)-(v).
>
> c)    Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the

public accommodation can demonstrate that legitimate safety requirements are necessary for safe operation of the public accommodation (safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §36.301(a), (b).

48. The health club and the swimming pool therein, owned and/or operated by Defendant LA Fitness International, LLC is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violation:

Failure to provide accessible entry and exit to the swimming pool caused by failure to maintain in working condition the handicap pool lift, as required by 28 C.F.R. Part 36, and the 2010 ADA Standards for Accessible Design, Section 1009.2 (pool lifts). The failure to maintain the pool lift capable of being operated unassisted from both deck and waters levels is in derogation of Section 1009.2.7 (pool lifts - operations).

49. By the Defendant's completely unreasonable failure and refusal to maintain the handicap pool lift in operable condition, the Defendant has set up a barrier to access within its health club (a place of public accommodation), when removal of such barrier is/was readily achievable. By denying the Plaintiff the use of the handicap pool lift, the Defendant denied the Plaintiff access to the swimming pool and as such has violated Title III of the ADA in numerous ways, including discriminatory action which occurred when the Defendant:

 a) Failed to maintain policies and procedures to ensure compliance with Title III of the ADA and of 28 C.F.R. §36.301; specifically policies that

provide equal access to individuals with disabilities to public accommodations and places of public accommodation,

b)      Excluded the Plaintiff from entry to the swimming pool by denying the Plaintiff the use of the handicap pool lift (due to its failure to fix the handicap pool lift), in violation of 28 C.F.R. §36.301,

c)      Denied full and equal access to, and full and equal enjoyment of, services, facilities, privileges, and other advantages of the place of public accommodation (swimming pool within the health club) in violation of 42 U.S.C. §12181(7)(L), §12182(a); 42 U.S.C. §§12182(b)(2)(A)(i)-(v).

50.     Pursuant to 42 U.S.C. §12188(a)(2), this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to require the Defendant to assure that the swimming pool within its health club, which is a place of public accommodation is accessible to, and useable by, individuals with disabilities who are mobility impaired and require the use of the handicap pool lift to permit access to the swimming pool at those times when the pool is also open to the general public.

51.     The Court is vested with the authority to require the Defendant to assure that its place(s) of public accommodation (swimming pools within its health clubs) accommodate mobility impaired individuals with disability(ies) who require access to the place of public accommodation (swimming pool(s)) via the handicap pool lift.

**WHEREFORE,** Plaintiff Cory Proudfoot respectfully prays that this Court grant the following relief against Defendant LA Fitness International, LLC, including entering a declaratory judgment, pursuant to Rule 57 of the F.R.C.P. stating that the Defendant's practices, policies, and procedures have subjected Plaintiff Cory Proudfoot to discrimination in violation of Title III of the ADA, and permanently enjoin the Defendant

from any practice, policy and/or procedure which will deny Plaintiff Cory Proudfoot equal access to, and benefit from the Defendant's places of public accommodation. This includes entry of an Order of permanent injunction that Defendant LA Fitness International, LLC:

    a)    cease discrimination against Plaintiff Cory Proudfoot and other disabled persons who are mobility impaired;

    b)    promulgate and comply with policies and procedures to ensure that the Defendant and its staff and representatives do not discriminate against individuals who are disabled and who are mobility impaired and to permit entry into the pool via use of the handicap pool lift at any and all times, as such that the handicap pool lift is maintained in good repair and working order at all times, thus permitting entry of members of the general public including individuals who are mobility impaired access (entry and egress) to the swimming pool;

    c)    award reasonable costs and attorneys fees; and

    d)    award any and all other relief that may be necessary and appropriate.

## COUNT II – BREACH OF CONTRACT

52.    Plaintiff Cory Proudfoot re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 35 herein above.

53.    All conditions precedent have been performed or waived.

54.    Plaintiff Cory Proudfoot's relationship with the Defendant is governed by a contract for membership to the health club. In August 2015, the Plaintiff entered into a contract with the Defendant for a health club membership specifically because the

Defendant's health club location at 1580 NE Miami Gardens Drive, North Miami Avenue, Florida offered the Plaintiff the requisite swimming pool which included a handicap pool lift, which the Plaintiff required for swimming exercise. See Exhibit A for Terms and Conditions of contract.

55. The Plaintiff was induced and enticed to enter into the contract to the Defendant's LA Fitness health club because the swimming pool contained a handicapped pool lift which the Plaintiff required to gain access to the swimming pool.

56. The Plaintiff has been charged a monthly fee for the health club membership since August of 2015, thus the Plaintiff has fully performed his obligations under the contract.

57. By virtue of the contract, the Defendant has/had the duty to maintain the handicapped pool lift which the Plaintiff required to gain access to the swimming pool.

58. The Defendant failed to maintain and repair the handicapped pool lift which the Plaintiff required to gain access to the swimming pool.

59. By the Defendant failing to maintain and repair the handicapped pool lift, the Defendant breached the contract with the Plaintiff in a material manner since the failure to have a working handicapped pool lift resulted in the Plaintiff being prohibited from access to the swimming pool without assistance. As a result, the Plaintiff is unable to use the swimming pool and the health club membership.

60. As a result of the Defendant's failure and refusal to take fully corrective action to repair the handicapped pool lift in breach of its contract with the Plaintiff, the Plaintiff has suffered damages, including but not limited to: i) the sum representing the health club fees the Plaintiff has paid and continues to pay for the membership to the

Defendant's LA Fitness health club, and ii) discrimination, ii) depression and emotional distress and other damages to be proven at trial.

61.     As a result of Defendant's breach of contract, the Plaintiff has been forced to retain counsel to enforce his, and the Plaintiff is entitled to an award of reasonable attorney's fees pursuant to Fla. Stat. §627.428 and §631.70, as applicable.

**WHEREFORE,** Plaintiff Cory Proudfoot respectfully prays that this Court, enter a judgment against the Defendant LA Fitness International, LLC for damages, interest, costs, attorney's fees, and any other relief deemed just and proper.

## COUNT III – UNJUST ENRICHMENT

62.     Plaintiff Cory Proudfoot re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 35 herein above.

63.     At all times material hereto, Plaintiff had conferred benefits (payment of monthly fees based upon the contract for membership to Defendant's health club) to the Defendant, and the Defendant has knowledge thereof.

64.     At all times material hereto, the Defendant voluntarily accepted and retained the benefits conferred to it by the Plaintiff.

65.     The Plaintiff has not had the benefit of the use and enjoyment of the Defendant's health club despite having paid for monthly membership fees, due to the Defendant's failure to maintain and repair the handicap pool lift, such that the Plaintiff has been unable to use the swimming pool, which was the only purpose for the Plaintiff's payment of benefit to the Defendant.

66.     Under the circumstances, it is inequitable for the Defendant to retain the benefit of the membership fees without the Plaintiff receiving benefit therefrom, where

receipt of benefit is based upon the Defendant's failure to repair the handicap pool lift.

**WHEREFORE,** Plaintiff Cory Proudfoot respectfully prays that this Court, enter a judgment against the Defendant LA Fitness International, LLC for return of Plaintiff's membership fees, other actual damages, incidental damages, consequential damages, interest, costs, attorney's fees, and any other relief deemed just and proper.

### COUNT IV - VIOLATION OF FLORIDA STATUTE §760.08

67.     Plaintiff Cory Proudfoot re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 35 above.

68.     The Defendant has violated Florida Statute §760.08, which provides all persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, and advantages in any of public accommodation, without discrimination or segregation on the grounds of handicap.

69.     The violations of Florida law were deliberate and knowing.

**WHEREFORE,** Plaintiff Cory Proudfoot respectfully prays that this Court grant the following relief against the Defendant LA Fitness International, LLC, including general and compensatory damages, damages for intangible injuries, punitive damages, costs including reasonable attorney's fees and interest and for the following injunctive relief and declaratory relief:

> a)  A declaration that the policies and procedures of Defendant LA Fitness International, LLC violated Florida Statue §760.08 in that Defendant LA Fitness International, LLC failed to consider and accommodate the needs of disabled persons to the full extent required by Florida law.

b) An Order mandating that Defendant LA Fitness International, LLC train its employees, independent contractors, and management staff, to comply with all appropriate laws;

c) An Order mandating that Defendant LA Fitness International, LLC revise its policies, practices, and procedures toward persons with disabilities and undertake and complete corrective measures to provide equal access to individuals with disabilities (including but not limited to equal access to the pool as with the general public by maintaining its handicap pool lift in working order) within a reasonable time;

d) An Order mandating that Defendant LA Fitness International, LLC expeditiously make all reasonable and appropriate modifications in their policies, practices, and procedures toward persons with disabilities and take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

e) Award Plaintiff Cory Proudfoot general damages (including but not limited to return of the health club dues paid by the Plaintiff), compensatory damages, mental anguish, loss of dignity, and any other intangible injuries;

f) Award reasonable costs and attorneys fees; and

g) Award any and all other relief that may be necessary and appropriate.

Dated this 2nd day of May, 2016.

Respectfully submitted,

*s/Scott Dinin, Esq.*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33127
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for Defendant when the Defendant enters an appearance.