UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:16-CV-21463-UU

CORY PROUDFOOT,

   Plaintiff,

v.

FITNESS INTERNATIONAL, LLC d/b/a LA
FITNESS,

   Defendant.
                                                    /

**MOTION TO DISMISS SECOND AMENDED COMPLAINT
IN FAVOR OF ARBITRATION**

Defendant Fitness International, LLC d/b/a LA Fitness ("Fitness International") files this Motion to Dismiss the Second Amended Complaint [DE 11] that Plaintiff Cory Proudfoot ("Proudfoot") filed on May 27, 2016.[1]

**FACTS ALLEGED IN COMPLAINT**

Proudfoot is afflicted with Cerebral Palsy and is confined to a wheelchair. [Second Amended Complaint at ¶ 5]. In August 2015, Proudfoot signed a Membership Agreement with Fitness International, owner of the LA Fitness health club chain, in order to use a pool and handicapped pool lift located at an LA Fitness facility in Miami. [*Id.* at ¶¶ 6, 13-14, 16]. The Membership Agreement provides that any dispute between Proudfoot and Fitness International shall be subject to arbitration, and not litigated in court. *See* [Exhibit A, Membership

---

[1] Proudfoot amended his complaint twice before Fitness International was served with process, so the Second Amended Complaint is the first pleading to which Fitness International has been required to respond.

Agreement].[2]  The Court may consider the Membership Agreement in ruling on this Motion because Proudfoot refers to it in his Second Amended Complaint [*id.* at ¶ 14], though he did not attach it.  *See Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of [a motion to dismiss], and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment."); *see also Narragansett Elec. Co. v. Constellation Energy Commodities Grp., Inc.*, 526 F. Supp. 2d 260, 265 (D.R.I. 2007) ("Although NEC did not attach the PPAs [containing the arbitration clauses] to its Complaint, this Court may, as explained elsewhere in this opinion, consider undisputed documents alleged or referenced in the Complaint" in determining whether plaintiff's claim are subject to mandatory arbitration.).

Proudfoot alleges that since August 2015, he has been unable to use the handicapped pool lift because it has been broken.  [Complaint, DE 11 at ¶ 19].  On May 27, 2016, Proudfoot filed

---

[2] The arbitration provision states: "Agreement to Arbitrate all Disputes. IN THE EVENT OF ANY DISPUTE (OTHER THAN ONE FILED IN A COURT THAT IS LIMITED TO ADJUDICATING SMALL CLAIMS) BETWEEN YOU AND LAF ("LAF" AS USED IN THIS PROVISION INCLUDES LA FITNESS, ITS OFFICERS, DIRECTORS, EMPLOYEES AND AGENTS), YOU AND LAF CONSENT TO ARBITRATE THAT DISPUTE BEFORE A SINGLE ARBITRATOR UNDER THE THEN CURRENT RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN A LOCATION NEAR YOUR LAF CLUB, RATHER THAN LITIGATE THE DISPUTE IN COURT. YOU AND LAF ALSO AGREE THAT THE FEDERAL ARBITRATION ACT GOVERNS THE ARBITRABILITY OF ALL DISPUTES BETWEEN YOU AND LAF. IF YOU DO NOT WANT TO BE BOUND BY THIS ARBITRATION PROVISION, YOU MUST NOTIFY LAF IN WRITING, BY MAIL TO LAF AT P.O. BOX 54170, IRVINE, CA 92619, WITHIN 30 DAYS OF THE DATE YOU FIRST RECEIVE THIS AGREEMENT, STATING THAT YOU DO NOT WANT TO RESOLVE DISPUTES WITH LAF BY ARBITRATION. IN ADDITION, YOU AGREE NOT TO PARTICIPATE IN A CLASS ACTION, A CLASS-WIDE ARBITRATION, CLAIMS BROUGHT IN A REPRESENTATIVE CAPACITY, OR CONSOLIDATED CLAIMS INVOLVING ANOTHER PERSON'S ACCOUNT, IF LAF IS A PARTY TO THE PROCEEDING."

his Second Amended Complaint against Fitness International, alleging a violation of Title III the Americans with Disabilities Act ("ADA"), breach of contract, unjust enrichment, and violation of Section 760.08, Florida Statutes.

## ENFORCEMENT OF CONTRACTUAL ARBITRATION PROVISIONS

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, provides that a written arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "places arbitration agreements on equal footing with other contracts, and requires courts to enforce them according to their terms . . . ." *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 63 (2010). Federal courts should construe arbitration clauses broadly where possible. *AT&T Techs., Inc. v. Commn's Workers of Am.*, 475 U.S. 643, 649–50 (1986). "The result of such broad interpretation is that 'any doubts concerning the scope of arbitral issues should be resolved in favor of arbitration.'" *Solymar Investments, Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 988-89 (11th Cir. 2012) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995)); *see also AT&T Techs., Inc.*, 475 U.S. at 650 ("Doubts should be resolved in favor of coverage.").

"Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause." *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001). "[A]rbitration of a dispute should . . . be ordered where the court is satisfied that neither the formation of the parties' arbitration agreement *nor* . . . its enforceability or applicability to the dispute is in issue." *Solymar*, 672 F.3d at 990 (citing *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 299 (2010)).

**ARGUMENT**

**I.      Plaintiff's Claims are Subject to Compulsory Arbitration.**

The Membership Agreement requires arbitration of "***all [d]isputes***" between Fitness International and Proudfoot.  *See* [Exhibit A, Membership Agreement] (emphasis added). Because "all disputes" between Proudfoot and Fitness International must be arbitrated, the Court must dismiss the Second Amended Complaint in favor of arbitration.  *See Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001) ("Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause.").

Indeed, ADA Title III claims must be arbitrated where the parties have entered into a contract containing a broad arbitration provision.  *See Seco v. NCL (Bahamas), Ltd.*, 588 F. App'x 863, 866 (11th Cir. 2014) (holding that wheelchair-bound passenger's ticket contract containing arbitration clause governed plaintiff's Title III ADA claims against vessel owner "and that these claims must therefore be dismissed in favor of arbitration."); *Solymar Invs., Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 999 (11th Cir. 2012) (holding that "the district court correctly dismissed the entirety of the . . . [c]omplaint in favor of arbitration."); *Randolph v. Green Tree Fin. Corp.-Alabama*, 244 F.3d 814, 819 (11th Cir. 2001) (affirming district court's compulsion of arbitration and dismissal of action with prejudice); *see also Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (U.S. 1991) (reiterating "liberal federal policy favoring arbitration agreements."); *Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 149 (1st Cir. 1998) (holding ADA claim subject to arbitration and noting that "the ADA expressly encourages arbitration of disputes."); *Miller v. Pub. Storage Mgmt., Inc.*, 121 F.3d 215, 218 (5th Cir. 1997) (holding ADA claim subject to arbitration and noting that the explicit language of the ADA

4

"persuasively demonstrates Congress did not intend to exclude the ADA from the scope of the FAA.").

Proudfoot's breach of contract, unjust enrichment, and Section 760.08, Florida Statutes, claims are also subject to mandatory arbitration under the broad scope of the Membership Agreement's arbitration provision. *See Kivisto v. Nat'l Football League Players Assoc.*, 435 F. App'x 811, 811-12 (11th Cir. 2011) (broad scope of NFLPA Regulations section requiring arbitration to be exclusive method for resolving "any and all disputes arising out of any other activities of a Contract Advisor within the scope of these Regulations" covered all of plaintiff's claims); *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.*P., 670 F. Supp. 2d 1350, 1355 (S.D. Fla. 2009) (all claims were subject to broad arbitration clause because "[w]hen the Court faces a broad arbitration clause, as it does here, it should follow the presumption of arbitration and resolve doubts in favor of arbitration."); *NRP Group, Inc. v. Hydropress, LLC,* 2007 WL 201259 (S.D. Fla. 2007) (compelling arbitration of all claims under broad arbitration clause); *Olsher Metals Corp. v. Olsher,* 2003 WL 25600635, *8–9 (S.D. Fla. 2003) (holding all claims subject to broad arbitration clause).

## CONCLUSION

Because the parties' contract requires arbitration of "all disputes," Fitness International respectfully requests that the Court dismiss Second Amended Complaint [DE 11] in favor of arbitration.

Dated: May 31, 2016

**SHUTTS & BOWEN LLP**
*Counsel for Fitness International, LLC*
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL  33401
Telephone:  (561) 835-8500
Facsimile:  (561) 650-8530


By:  /s/ *Matthew R. Chait*
     **Matthew R. Chait**
     Florida Bar No. 17657
     Email: mchait@shutts.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 31st day of May 2016 I caused a true and correct copy of the foregoing to be served by the CM/ECF service to counsel of record as listed below:

*Counsel for Plaintiff*
**Scott R. Dinin, Esq.**
Scott R. Dinin P.A.
4200 NW 7th Avenue
Miami, FL 33127
(786) 431-1333
Email: inbox@dininlaw.com

     */s/ Matthew R. Chait*
     Counsel

WPBDOCS 8963808 2