UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:16-cv-21463-UU

CORY PROUDFOOT,

    Plaintiff,

v.

LA FITNESS FLORIDA, INC.
d/b/a LA FITNESS

    Defendant.
_____/

## ORDER ON MOTION TO DISMISS

THIS CAUSE is before the court upon Defendant's Motion to Dismiss Second Amended Complaint in Favor of Arbitration, D.E. 18, filed on March 31, 2016. This Motion is fully briefed and ripe for disposition.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised of the premises. For reasons set forth below, Defendant's Motion is GRANTED.

## BACKGROUND

In August 2015, Cory Proudfoot ("Plaintiff"), who suffers from cerebral palsy, signed a one-year membership agreement for a health club membership at Defendant's LA Fitness health club (the "Membership Agreement"). D.E. 11 ¶ 14. Plaintiff signed the Membership Agreement in order to use Defendant's health club's pool facility and handicap pool lift, as water exercises help alleviate the progressive effects of cerebral palsy on Plaintiff's body. *Id.* ¶¶ 12-13. At the time that Plaintiff entered the Membership Agreement, Defendant's representatives represented that the handicap pool lift was in working order. *Id.* ¶ 18.

1

After executing the Membership Agreement, Plaintiff established a set schedule to use Defendant's health club pool on Sunday mornings at 8:30 a.m. *Id.* ¶¶ 16-17. Plaintiff also coordinated a special services van from the group home to Defendant's health club for that time. *Id.* ¶ 16. But soon after signing the Membership Agreement, Plaintiff discovered that the handicap pool lift was not in working order. *Id.* ¶¶ 18-19. Accordingly, Carl Proudfoot, Plaintiff's brother, was forced to lift Plaintiff from his wheelchair, hold Plaintiff in his arms, and lower Plaintiff into and out of the swimming pool, with great difficulty and without assistance from Defendant's representatives. *Id.* Defendant has failed and refuses to repair the handicap pool lift, but nonetheless continues to charge Plaintiff monthly fees under the Membership Agreement. *Id.* ¶ 28.

The Membership Agreement contains an arbitration clause, which provides, in relevant part:

> **Agreement to Arbitrate all Disputes.** IN THE EVENT OF ANY DISPUTE (OTHER THAN ONE FILED IN A COURT THAT IS LIMITED TO ADJUDICATING SMALL CLAIMS) BETWEEN YOU AND LAF ("LAF AS USED IN THIS PROVISION INCLUDES LA FITNESS, ITS OFFICERS, DIRECTORS, EMPLOYEES AND AGENTS), YOU AND LAF CONSENT TO ARBITRATE THAT DISPUTE BEFORE A SINGLE ARBITRATOR UNDER THE THEN CURRENT RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN A LOCATION NEAR YOUR LAF CLUB, RATHER THAN LITIGATE THE DISPUTE IN COURT. YOU AND LAF ALSO AGREE THAT THE FEDERAL ARBIRATION ACT GOVERNS THE ARBITRABILITY OF ALL DISPUTES BETWEEN YOU AND LAF. IF YOU DO NOT WANT TO BE BOUND BY THIS ARBITRATION PROVISION, YOU MUST NOTIFY LAF IN WRITING, BY MAIL TO LAF AT P.O. BOX 54170, IRVINE, CA 92619, WITHIN 30 DAYS OF THE DATE YOU FIRST RECEIVE THIS AGREEMENT, STATING THAT YOU DO NOT WANT TO RESOLVE DISPUTES WITH LAF BY ARBITRATION.

D.E. 18-1 p. 2 (emphasis in original).[1]

On April 25, 2016, Plaintiff filed its Complaint against Defendant. D.E. 1. On April 28, 2016, Plaintiff moved for leave to amend the Complaint, which the Court granted. D.E. 5, 6. Plaintiff filed his First Amended Complaint (the "FAC") on May 2, 2016. D.E. 7. On May 4, 2016, Plaintiff moved for leave to amend the FAC and the Court granted Plaintiff's Motion. D.E. 8, 9. On May 4, 2016, Plaintiff filed the Second Amended Complaint (the "SAC"). D.E. 11. The SAC is the operative Complaint in this action.

Plaintiff brings four Counts against Defendant. Count I alleges violations of the Americans with Disabilities Act ("ADA"). Count II alleges a claim for breach of contract. Count III alleges a claim for unjust enrichment. Lastly, Count IV alleges a claim under the Florida Civil Rights Act for discrimination in places of public accommodation, pursuant to Fla. Stat. § 760.08.

On May 31, 2016, Defendant moved to dismiss Plaintiff's SAC on grounds that the Membership Agreement contains a mandatory arbitration clause that precludes resolving this dispute in court. D.E. 18. Plaintiff thereafter moved for leave to file a Third Amended Complaint to interlineate Carl Proudfoot, Plaintiff's brother, as a plaintiff in this action. D.E. 19. The Court denied Plaintiff's motion without prejudice.

## **LEGAL STANDARD**

Federal courts must construe arbitration clauses broadly where possible. *Solymar Investments, Ltd. v. Banco Santander S.A.*, 672 F.3d 981, 988-89 (11th Cir. 2012) (citing *AT&T Techs., Inc. v. Commn'cs Workers of Am.*, 475 U.S. 643, 649-50 (1986)). "The result of such broad interpretation is that 'any doubts concerning the scope of arbitral issues should be resolved

---

[1] The Court may consider the Membership Agreement, even though Plaintiff did not attach it to the SAC, because: (1) Plaintiff refers to it in the SAC; and (2) the Membership Agreement is central to Plaintiff's claims. *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

in favor of arbitration.'" *Id.* (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 945 (1995)); *Seaboard Coast Line R.R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). In other words, "[u]nder normal circumstances, an arbitration provision within a contract admittedly signed by the contractual parties is sufficient to require the district court to send any controversies to arbitration." *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992). This is especially true in the context of broadly-worded arbitration clauses and where a party brings a claim under the ADA. *AT&T Techs., Inc.*, 475 U.S. at 650; *see also Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 149-50 (1st Cir. 1998) (noting that "the ADA expressly encourages arbitration of disputes").

However, a party can avoid enforcement of an arbitration agreement by establishing that the arbitration clause itself was agreed to as a result of fraud, duress, unconscionability, or a violation of public policy. *Telecom Italia, SpA v. Wholesome Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001) ("Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause."); *Coleman v. Prudential Bache Sec., Inc.*, 802 F.2d 1350, 1352 (11th Cir. 1986).

## DISCUSSION

Defendant argues that this case should be dismissed, in its entirety, because the Membership Agreement requires arbitration of "all disputes" between Defendant and Plaintiff. D.E. 18 p. 4. Defendant also argues that Plaintiff's attempt to interlineate Carl Proudfoot, Plaintiff's brother, as a plaintiff in this action is immaterial to the instant Motion because the Court denied Plaintiff leave to amend the SAC. D.E. 25 pp. 1-2.

Plaintiff raises three arguments in response. First, Plaintiff argues that his attempt to interlineate his brother, Carl Proudfoot, as a plaintiff in this case by means of a Third Amended

Complaint defeats Defendant's Motion, as Carl Proudfoot did not sign the Membership Agreement. D.E. 20 p. 6. Second, Plaintiff argues that he has standing to assert a claim for injunctive relief under the ADA, independent of the arbitration clause in the Membership Agreement. *Id.* pp. 7-9; D.E. 30-1 pp. 6-8. Lastly, Plaintiff argues that enforcement of the arbitration clause would be unconscionable and unfair, especially given that Plaintiff has standing to pursue an ADA claim, because: (1) Defendant's membership sales representative did not explain the arbitration clause to him when Plaintiff signed the Membership Agreement, but instead told Plaintiff to sign the Membership Agreement, such that Plaintiff "merely looked at the amount inserted as the annual cost for the membership" before signing; (2) the arbitration clause in the Membership Agreement is set forth in font that is "so small that the Plaintiff, a disabled individual with cerebral palsy[,] could not read [it];" and (3) the Membership Agreement does not otherwise "contain[] . . . provisions to accommodate individuals with disabilities," such as larger font size or references to compliance with the ADA. D.E. 30-1 pp. 4-5. Accordingly, Plaintiff asks the Court to find that the Membership Agreement unjustly permits Defendant to "skirt Federal law" and "use its discretion to deny" Defendant's Motion. *Id.* p. 5.

The Court agrees with Defendant. As a threshold matter, because the Court denied Plaintiff leave to amend the SAC to interlineate Carl Proudfoot as a plaintiff in this action, the only issue here is whether Cory Proudfoot's claims brought in the SAC are subject to mandatory arbitration in light of the arbitration clause in the Membership Agreement.[2] *See, e.g.*, *Chastain*, 957 F.2d at 854 (noting that "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute").

---

[2] Plaintiff's Motion for Leave to file a Third Amended Complaint was denied without prejudice. D.E. 19. Carl Proudfoot is, therefore, not precluded from pursuing claims against Defendant by means of filing a separate action.

Plaintiff's claims are subject to mandatory arbitration for four reasons. First, the language in the Membership Agreement is unambiguous and broad enough to encompass Plaintiff's claims in this action. *See, e.g.*, *Seco v. NCL (Bahamas), Ltd.*, 588 F. App'x 863, 866 (11th Cir. 2014) (enforcing arbitration clause to preclude ADA claims where the clause provided that "[a]ny and all disputes, claims, or controversies whatsoever, other than for personal injury, illness or death of a Guest, . . . including but not limited to alleged violation of civil rights [or] discrimination . . . laws, . . . shall be referred to and resolved exclusively by binding arbitration"); *Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1352 (S.D. Fla. 2009) (compelling arbitration where agreement provided that "[a]ny dispute between the parties relating to the execution, interpretation, existence, validity, performance, termination, liquidation and other aspects of the Agreement" shall be resolved by an "Oversight Committee" and, thereafter, by binding arbitration); *NRP Grp., Inc. v. Hydropress, LLC*, No. 06-60593-CIV, 2007 WL 201259, at *4 (S.D. Fla. Jan. 24, 2007) (compelling arbitration because the Court found that the clause provided "for arbitration of any disputes arising from the contract").

Second, Plaintiff provides no evidence to show that Plaintiff agreed to the arbitration clause as a result of fraud or duress. In this Circuit, a party seeking to invalidate an arbitration clause on the basis of fraud or duress must present evidence to show that "the arbitration clause itself, standing apart from the whole agreement, was induced by fraud." *Coleman*, 802 F.2d at 1352. Here, Plaintiff fails to show that there was *any* fraud or duress in the inducement of the Membership Agreement, much less fraud or duress in the inducement of the arbitration clause itself. D.E. 20, 30-1. In fact, Plaintiff appears to concede that he negligently failed to read the Membership Agreement, even though it is only three (3) pages long, as he "merely looked at the

amount inserted as the annual cost for the membership and signed [the Membership Agreement]." D.E. 30-1 p. 4. This is woefully insufficient to invalidate the arbitration clause. *See, e.g.*, *Coleman*, 802 F.2d at 1352 (affirming order compelling arbitration where "[t]here is no evidence to support the claim that the arbitration clause itself, standing apart from the whole agreement, was induced by fraud"); *see also Bautista v. Star Cruises*, 286 F. Supp. 2d 1352, 1362 (S.D. Fla. 2003), *aff'd*, 396 F.3d 1289 (11th Cir. 2005) ("Where, as here, there is 'no evidence to support the claim that the arbitration clause itself, standing apart from the whole agreement, was induced by fraud,' this Court may not consider the Plaintiffs' allegations of fraud in the inducement of the contract generally." (internal quotation omitted)).

Lastly, it would not be unconscionable or unjust to enforce the arbitration clause here, as the clause was freely agreed to by the parties and provides, in capital bold-faced letters, that the parties agree to arbitrate "ANY DISPUTE" that arises between Plaintiff and Defendant. D.E. 18-1 p. 2; *see Coleman*, 802 F.2d at 1352 (rejecting argument that arbitration clause should not be enforced because "absent a showing of fraud or mental incompetence, a person who signs a contract cannot avoid her obligations under it by showing that she did not read what she signed").

For these reasons, the arbitration provision in the Membership Agreement requires that Plaintiff resolve his ADA claim through arbitration. *See Seco*, 588 F. App'x at 866 (enforcing arbitration clause to preclude ADA claim); *see also Bercovitch*, 133 F.3d at 149-50 (noting that "the ADA expressly encourages arbitration of disputes"); *Miller v. Pub. Storage Mgmt., Inc.*, 121 F.3d 215, 218 (5th Cir. 1997) (finding "that the explicit language of the ADA advocates the use of alternative dispute resolution" and "[t]his language persuasively demonstrates Congress did not intend to exclude the ADA from the scope of the FAA"). Moreover, Plaintiff's remaining

claims for breach of contract, unjust enrichment and violation of Florida Statute Section 760.08 are, similarly, subject to mandatory arbitration under the Membership Agreement's arbitration provision. *See Kivisto v. Nat'l Football League Players Assoc.*, 435 F. App'x 811, 811-12 (11th Cir. 2011) (affirming district court's dismissal because clause required "arbitration to be the exclusive method for resolving any and all disputes arising out of 'any other activities of a Contract Advisor within the scope of these Regulations'"); *Mercury Telco Grp., Inc.*, 670 F. Supp. 2d at 1355 (dismissing common law and Federal Lanham Act claims based on arbitration clause); *NRP Grp., Inc.*, 2007 WL 201259, at *3-4 (same); *Olsher Metals Corp. v. Olsher*, No. 01-3212-CIV, 2003 WL 25600635, *8–9 (S.D. Fla. 2003) (dismissing common law claims and RICO claim due to arbitration clause). Accordingly, it is

    ORDERED AND ADJUDGED that the Motion, D.E. 18, is GRANTED. This case is DISMISSED WITH PREJUDICE. It is further

    ORDERED AND ADJUDGED that the Clerk of Court SHALL ADMINISTRATIVELY CLOSE this case.

    DONE AND ORDERED in Miami, Florida this _6th__ day of July, 2014.

                                                 URSULA UNGARO

                                                 UNITED STATES DISTRICT JUDGE